16-365-cv
United States v. Nationwide Mut. Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand seventeen.

PRESENT:  REENA RAGGI,
　　　　　DENNY CHIN,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA *ex rel.*
DR. KENT TAKEMOTO,

　　　　　　　　　　　*Relator-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　　　No. 16-365-cv

NATIONWIDE MUTUAL INSURANCE COMPANY, THE TRAVELERS COMPANIES, ZURICH AMERICAN INSURANCE COMPANY, BROADSPIRE SERVICES, INC., WAL-MART STORES INC., EVEREST NATIONAL INSURANCE COMPANY, SENTRY INSURANCE A MUTUAL COMPANY, ACCIDENT FUND INSURANCE COMPANY OF AMERICA, MARRIOTT INTERNATIONAL, INC., CRAWFORD AND CO., ESIS, INC., INSURANCE COMPANY OF NORTH AMERICA, ACE AMERICAN INSURANCE COMPANY, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, ALLSTATE INSURANCE COMPANY, AMERICAN HOME ASSURANCE COMPANY, COMMERCE AND INDUSTRY INSURANCE COMPANY, ILLINOIS NATIONAL INSURANCE COMPANY,

1

CONTINENTAL CASUALTY COMPANY, COLUMBIA CASUALTY COMPANY, CONTINENTAL INSURANCE COMPANY, HARTFORD ACCIDENT & INDEMNITY COMPANY, HARTFORD CASUALTY INSURANCE COMPANY, SPECIALTY RISK SERVICES, LLC, LIBERTY MUTUAL INSURANCE COMPANY, PROGRESSIVE CASUALTY INSURANCE COMPANY, PROGRESSIVE DIRECT INSURANCE COMPANY, ST. PAUL FIRE & MARINE INSURANCE COMPANY, TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, ZURICH AMERICAN INSURANCE COMPANY, FARMERS INSURANCE EXCHANGE, FARMERS NEW CENTURY INSURANCE, 21ST CENTURY CASUALTY COMPANY, MARYLAND CASUALTY COMPANY, STEADFAST INSURANCE COMPANY, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., ZENITH INSURANCE COMPANY,

*Defendants-Appellees*,

ACE LTD., ALLSTATE CORPORATION, AMERICAN INTERNATIONAL GROUP, INC., CNA FINANCIAL CORPORATION, LIBERTY MUTUAL HOLDING COMPANY, INC., SEDGWICK CLAIMS MANAGEMENT SERVICES HOLDINGS, INC., ZENITH NATIONAL INSURANCE CORP., CHARTIS, INC., FARMERS GROUP, INC., ACCIDENT FUND INSURANCE COMPANY OF AMERICA, HARTFORD FINANCIAL SERVICES GROUP, INC., THE PROGRESSIVE CORPORATION, INC.,

*Defendants.*

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:     ROBERT L. KING (Aaron M. Zigler, Noah Smith-Drelich, *on the brief*), Korein Tillery LLC, St. Louis, Missouri.

APPEARING FOR APPELLEES: BRYCE L. FRIEDMAN, Simpson Thacher & Bartlett LLP, New York, New York; Deborah L. Stein, Simpson Thacher & Bartlett LLP, Los Angeles, California, *for The Travelers Companies, Inc., St. Paul Fire and Marine Insurance Company, and Travelers Casualty Insurance Company of America.*

David L. Yohai (Lori L. Pines, John P. Mastando III, *on the brief*), Weil, Gotshal, & Manges LLP, New York, New York, *for Farmers Insurance Exchange, Farmers New Century Insurance, and 21st Century Casualty Company.*

Stephen Sozio, Jones Day, Cleveland, Ohio; Matthew Corcoran, Jones Day, Columbus, Ohio; Mark C. Davis, Lippes Mathias Wexler Friedman LLP, Buffalo, New York, *for Nationwide Mutual Insurance Company.*

Sharon M. Porcellio, Bond, Schoeneck & King, PLLC, Buffalo, New York; James Gitzlaff, Paul Sheldon, Elenius Frost & Walsh, Chicago, Illinois, *for The Continental Insurance Company, Continental Casualty Company, and Columbia Casualty Company.*

Eric Dranoff, Saretsky Katz & Dranoff, LLP, New York, New York, *for Marriott International, Inc.*

Steven M. Levy, Dentons US LLP, Chicago, Illinois, *for Zenith Insurance Company.*

Joseph J. Schiavone, Jeffrey S. Leonard, Budd Larner, P.C., Short Hills, New Jersey, *for Everest National Insurance Company.*

3

Michael J. Willett, Gibson, McAskill & Crosby, LLP, Buffalo, New York, *for Maryland Casualty Company, Steadfast Insurance Company, and Zurich American Insurance Company.*

Steven M. Levy, Dentons US LLP, Chicago, Illinois; Sean C. Cenawood, Dentons US LLP, New York, New York, *for Allstate Indemnity Company and Allstate Insurance Company.*

Suzanne Jaffe Bloom, Benjamin Sokoly, Mollie C. Richardson, Winston & Strawn LLP, New York, New York, *for American Home Assurance Company, Commerce and Industry Insurance Company, and Illinois National Insurance Company.*

Terrance M. Connors, Connors LLP, Buffalo, New York; Michael K. Loucks, Kara E. Fay, Skadden, Arps, Slate Meagher & Flom LLP, Boston, Massachusetts, *for Progressive Casualty Insurance Company and Progressive Direct Insurance Company.*

David J. Farber, Jeffrey S. Bucholtz, Paul Alessio Mezzina, King & Spalding LLP, Washington, D.C., *for Broadspire Services, Inc., Crawford & Company, Sedgwick Claims Management Services, Inc., and Specialty Risk Services, LLC.*

Todd L. Padnos, Danielle Kennedy, Sheppard, Mullin, Richter & Hampton LLP, San Francisco, California; Charles L. Kreindler, Barbara E. Taylor, Sheppard, Mullin, Richter & Hampton LLP, Los Angeles, California, *for Accident Fund Insurance Company of America.*

4

Jonathan Rosenberg, O'Melveny & Myers LLP, New York, New York, *for ESIS, Inc., ACE American Insurance Co., Indemnity Insurance Co. of North American, and Insurance Co. of North America.*

Brian R. Biggie, Goldberg Segalla LLP, Buffalo, New York, *for Sentry Insurance.*

Kevin J. Fee, Amy C. Gross, Duane Morris LLP, New York, New York, *for Liberty Mutual Insurance Company.*

Jonathan M. Freiman, Wiggin and Dana LLP, New Haven, Connecticut, *for Hartford Casualty Insurance Company and Hartford Accident and Indemnity Company.*

David A. Crichlow, Katten Muchin Rosenman LLP, New York, New York; Andrew G. Klevorn (Jared T. Heck, *on the brief*), Katten Muchin Rosenman LLP, Chicago, Illinois, *for Wal-Mart Stores, Inc.*

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*; Jeremiah J. McCarthy, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 21, 2016, is AFFIRMED.

Relator Kent Takemoto, a doctor who owns a Medicare Secondary Payer compliance company, appeals the dismissal of his complaint, brought pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, which accuses various insurance industry participants, self-insured corporations, and third-party administrators ("defendants") of failing to comply with repayment obligations under the Medicare

5

Secondary Payer Act ("MSPA"), 42 U.S.C. § 1395y(b).  Takemoto further appeals the denial of leave to amend his complaint.

We review *de novo* the dismissal of a complaint for failure to state a claim, accepting the alleged facts as true and drawing all reasonable inferences in plaintiff's favor.  *See Barrows v. Burwell*, 777 F.3d 106, 111 (2d Cir. 2015).  Nevertheless, "bald assertions and conclusions of law will not suffice" to avoid dismissal, *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (internal quotation marks omitted), nor will factual "allegations that are wholly conclusory," *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, a complaint must plead sufficient "factual content" to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

We review the denial of leave to amend a complaint for abuse of discretion.  *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 169 (2d Cir. 2015).

In applying these standards here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1.  <u>Adequacy of the Complaint</u>

The district court adopted the magistrate judge's recommendation to dismiss Takemoto's complaint insofar as it grouped defendants together and failed to plead facts as to each defendant's obligation to repay the government, an essential element of his FCA claims.  Takemoto faults the district court for failing to assume the veracity of facts

6

alleged in the complaint, viewing allegations in isolation rather than in their totality, and incorrectly finding group pleading impermissible given defendants' participation in the same relevant conduct. We are not persuaded.

Even when we review the complaint's allegations as a whole and assume the truthfulness of pleaded facts, Takemoto fails to plead plausible claims for relief because he does not allege facts admitting an inference of a reimbursement obligation on the part of any defendant. The FCA defines "obligation" as "an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any overpayment." 31 U.S.C. § 3729(b)(3). As an initial matter, this statutory language contemplates individualized pleading for each defendant of the source of the obligation. In defending his group pleading, Takemoto cites *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d at 173, but that case is distinguishable in that Takemoto's claims are not against a "plural author [] implied by the nature of the representations," *e.g.*, where "(1) the alleged fraud is based on statements made in [securities] offering materials and (2) the complaint gives grounds for attributing the statements to the group," *id*.

Here, Takemoto can only speculate that each defendant had one or more reimbursement obligations under the MSPA based on the facts that approximately 17% of the population are Medicare beneficiaries and that defendants issue settlements, judgments, or awards for "tens of thousands of claims involving Medicare beneficiaries" each year. Appellant's App'x 44. But these facts are insufficient to give rise to a

7

plausible inference of an obligation on the part of any defendant. For example, as defendants observe, nowhere does the complaint identify any beneficiaries for whom the Center for Medicare and Medicaid Services ("CMS") made conditional payments, the amounts or dates of such payments, an associated settlement, and the relation of any conditional payments to any particular defendant. In the absence of such facts admitting a reasonable inference that CMS made a conditional payment on behalf of a particular defendant's beneficiary, there is no basis for a secondary inference that a given defendant was under a reimbursement obligation to CMS. *See* 42 U.S.C. § 1395y(b)(2)(B)(ii) ("[A] primary plan, and an entity that receives payment from a primary plan, shall reimburse the appropriate [entity] . . . if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service.").

To the extent Takemoto seeks to avoid this conclusion by arguing that defendants' obligation was to adopt adequate MSPA compliance procedures, he points to no authority supporting such an obligation, much less the proposition that such a claim is actionable under the FCA. The language of the statutory section under which Takemoto's claims are brought, in fact, indicates otherwise insofar as it locates liability in the avoidance of an "obligation to pay or transmit money . . . to the Government." 31 U.S.C. § 3729(a)(1)(G). A compliance program is not an obligation to pay money.

In sum, Takemoto's "allegations supply nothing but low-octane fuel for speculation" about the requisite reimbursement obligation element of his claims, which cannot defeat Rule 12(b)(6) dismissal even under the basic pleading requirements of Rule 8(a). *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir.

8

2013).[1]  Thus, we affirm the dismissal of the complaint pursuant to Rule 12(b)(6) without further considering the sufficiency of allegations supporting the knowledge and improper avoidance elements of Takemoto's claims.

2.      Denial of Leave to Amend

Because Takemoto's request to amend gave "no clue as to how the complaint's defects would be cured," denial of amendment was not an abuse of discretion.  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d at 190 (internal quotation marks omitted); *see Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 140 (2d Cir. 2011).  Thus, vacatur is not warranted on this ground.

---

[1] This court has generally held FCA claims to the higher pleading standard of Rule 9(b), "which requires that plaintiffs 'state with particularity the specific statements or conduct giving rise to the fraud claim.'"  *Bishop v. Wells Fargo & Co.*, 823 F.3d 35, 43 (2d Cir. 2016) (quoting *Gold v. Morrison-Knudsen Co.*, 68 F.3d 1475, 1477 (2d Cir. 1995)).  We have summarily applied this rule to reverse false claim actions for knowing concealment and avoidance.  *See Wood ex rel. United States v. Applied Research Assocs., Inc.*, 328 F. App'x 744, 748 (2d Cir. 2009); *see also Olson v. Fairview Health Servs. of Minn.*, 831 F.3d 1063, 1074 (8th Cir. 2016) (stating that reverse liability under § 3729(a)(1)(G) requires allegation of fraudulent conduct, and "it would be remarkable if relators could escape Rule 9(b)'s heightened pleading requirements for fraud by seeking recovery through subsection (a)(1)(G)"); *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 258 (3d Cir. 2016) (assessing sufficiency of reverse FCA claim using Fed. R. Civ. P. 9(b)); *United States ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 123 (D.C. Cir. 2015) (same).  The magistrate judge, however, here concluded that avoidance claims under § 3729(a)(1)(G) did not involve fraud so as to be subject to Rule 9(b).  Because Takemoto's pleadings are insufficient even under Rule 8(a), the district court declined to review this ruling or consider whether § 3729(a)(1)(G) avoidance equates to a fraudulent omission.  *See generally Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 181 (2d Cir. 2007) (discussing elements of claim of fraud by omission).  For the same reason, we too need not here pursue that question.

3.     Conclusion

We have considered all of Takemoto's remaining arguments and conclude that they are without merit.  Accordingly, the dismissal of his complaint for failure to state a claim is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court