16-705
*United States, ex rel. Hayes v. Allstate Ins. Co.*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2016

(Argued: March 2, 2017      Decided: April 4, 2017)

Docket No. 16-705

_____

UNITED STATES OF AMERICA, EX REL. J. MICHAEL HAYES,

*Plaintiff-Appellant,*

– v. –

ALLSTATE INSURANCE COMPANY, DAIMLER CHRYSLER INSURANCE COMPANY, ERIE INSURANCE COMPANY OF NEW YORK, ERIE INSURANCE EXCHANGE, INC., ERIE INDEMNITY COMPANY, FARMERS INSURANCE EXCHANGE, TRUCK INSURANCE EXCHANGE, FIRE INSURANCE EXCHANGE, FOREMOST INSURANCE GROUP, GEICO, INSURANCE, GMAC INSURANCE, KEMPER INDEPENDENCE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL GROUP, LIBERTY MUTUAL HOLDING COMPANY, INC., METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE FINANCIAL SERVICES INCORPORATED, NATIONWIDE MUTUAL INSURANCE COMPANY, NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, PREFERRED MUTUAL INSURANCE COMPANY, PROGRESSIVE INSURANCE COMPANY,

THE PROGRESSIVE CORPORATION, INC., REPUBLIC - FRANKLIN INSURANCE COMPANY, UTICA MUTUAL INSURANCE COMPANY, GRAPHICS ARTS MUTUAL INSURANCE COMPANY, UTICA NATIONAL INSURANCE COMPANY OF TEXAS, UTICA NATIONAL INSURANCE COMPANY OF OHIO, UTICA NATIONAL ASSURANCE COMPANY, UTICA LLOYD'S OF TEXAS, UTICA SPECIALTY RISK INSURANCE COMPANY, FOUNDERS INSURANCE COMPANY, FOUNDERS INSURANCE COMPANY OF MICHIGAN, UTICA NATIONAL INSURANCE GROUP, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, HARTFORD FINANCIAL SERVICES GROUP, INC., TRAVELERS INSURANCE GROUP HOLDING, INC., TRAVELERS PROPERTY CASUALTY CORPORATION, THE TRAVELERS COMPANIES, INC., ZURICH NORTH AMERICA, FEDEX CORPORATION, FEDEX EXPRESS, FEDEX GROUND, FEDEX FREIGHT, FEDEX OFFICE, FEDEX CUSTOM CRITICAL, FEDEX TRADE NETWORKS, FEDEX SUPPLY CHAIN SOLUTIONS, FEDEX SERVICES, J.B. HUNT TRANSPORT SERVICES, INCORPORATED, U-HAUL INTERNATIONAL, and THE ERIE INSURANCE COMPANY,

*Defendants-Appellees*,

ALLSTATE CORPORATION, CASTLEPOINT NATIONAL INSURANCE COMPANY, SPECIALTY UNDERWRITERS ALLIANCE, INC., TOWER GROUP COMPANIES, MAIDEN HOLDING LTD, KEMPER CORPORATION, MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, NATIONWIDE CORPORATION, NEW YORK STATE INSURANCE RECIPROCAL, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUDENTIAL FINANCIAL, INC., HEARTLAND EXPRESS, INCORPORATED, NATIONWIDE, FARMERS INSURANCE GROUP COMPANIES, FARMERS UNDERWRITERS ASSOCIATION, AIG, BERKSHIRE HATHAWAY INC., NATIONWIDE MUTUAL INSURANCE INTERCOMPANY POOL, NATIONWIDE, ZURICH FINANCIAL SERVICES AG, and ZURICH INSURANCE GROUP AG,

*Defendants*.
_____

B e f o r e:

KATZMANN, *Chief Judge*, POOLER and LYNCH, *Circuit Judges*.

2

––––––––––––––––

Relator J. Michael Hayes brought this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against numerous insurance and trucking companies. The United States District Court for the Western District of New York (Skretny, *J.*) dismissed the action with prejudice as to Hayes as a sanction under Federal Rule of Civil Procedure 11. On appeal, Hayes primarily challenges the imposition of the sanction of dismissal. Several of the defendants urge us to affirm the district court's judgment on the alternative ground that the district court lacked subject matter jurisdiction over Hayes's FCA claims, which according to these defendants did not satisfy the statute's first-to-file rule. We join the D.C. Circuit in holding that the FCA's first-to-file rule is not jurisdictional. Accordingly, we need not consider the defendants' arguments on that issue. For the reasons stated herein and in the accompanying summary order discussing the district court's imposition of the sanction of dismissal, the judgment of the district court is **AFFIRMED**.

––––––––––––––––

J. MICHAEL HAYES (Peter M. Jasen, Buffalo, NY, *on the brief*), *for Plaintiff-Appellant*.

JOHN W. CAMPBELL, Federal Express Corporation, Memphis, TN, *for Defendants-Appellees* FedEx Corporation, Federal Express Corporation, FedEx Ground Package System Inc., FedEx Freight Corporation, FedEx Office and Print Services, Inc., FedEx Custom Critical, Inc., FedEx Trade Networks Inc., FedEx Supply Chain Systems, Inc., and FedEx Corporate Services, Inc.

DAVID L. YOHAI (Lori L. Pines and John P. Mastando III, *on the brief*), Weil, Gotshal & Manges LLP, New York, NY, *for Defendants-Appellees* Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, and Foremost Property and Casualty Insurance Company.

Bryce L. Friedman, Simpson Thatcher & Bartlett LLP, New York, NY; Deborah L. Stein, Simpson Thatcher & Bartlett LLP, Los Angeles, CA, *for Defendants-Appellees* Travelers Insurance Group Holding, Inc., Travelers Property Casualty Corporation, and The Travelers Companies, Inc.

Jonathan M. Freiman, Wiggin and Dana LLP, New Haven, CT, *for Defendant-Appellee* Hartford Financial Services Group, Inc.

Sharon Angelino, Goldberg Segalla LLP, Buffalo, NY, *for Defendants-Appellees* J.B. Hunt Transport Services Inc., Founders Insurance Company, Founders Insurance Company of Michigan, Graphic Arts Mutual Insurance Company, Republic-Franklin Insurance Company, Utica Mutual Insurance Company, Utica National Insurance Company of Texas, Utica National Insurance Company of Ohio, Utica National Assurance Company, Utica Lloyd's of Texas, Utica Specialty Risk Insurance Company, and Utica National Insurance Group.

Heath J. Szymczak, Bond, Schoeneck & King, PLLC, Buffalo, NY, *for Defendants-Appellees* Erie Insurance Company of New York, Erie Insurance Exchange, Inc., Erie Indemnity Company, and The Erie Insurance Company.

Steven M. Levy and Alan S. Gilbert, Dentons US LLP, Chicago IL; Sean C. Cenawood, Dentons US LLP, New York, NY; Sharon Angelino, Goldberg Segalla LLP, Buffalo, NY, *for Defendants-Appellees* Allstate Insurance Company, Allstate Indemnity Company, Kemper Independence Insurance Company, Metropolitan Group Property and Casualty Insurance Company, Metropolitan Property and Casualty Insurance Company; and *Defendants* Kemper Corporation and The Allstate Corporation.

Suzanne O. Galbato, Bond, Schoeneck & King, PLLC, Syracuse, NY, *for Defendant-Appellee* Preferred Mutual Insurance Company.

Terrance M. Connors, Connors LLP, Buffalo, NY; Michael K. Loucks, Skadden, Arps, Slate, Meagher & Flom LLP, Boston, MA, *for Defendants-Appellees* Progressive Insurance Company and The Progressive Corporation, Inc.

Douglas W. Baruch and Anayansi Rodriquez Carbo, Fried, Frank, Harris, Shriver & Jacobson LLP, Washington, D.C.; Dan David Kohane, Hurwitz & Fine, P.C., Buffalo, NY, *for Defendant-Appellee* State Farm Mutual Automobile Insurance Company.

Michael J. Willett, Gibson, McAskill & Crosby, LLP, Buffalo, NY, *for Defendant-Appellee* Zurich North America.

Stephen Sozio, Jones Day, Cleveland, OH; Matthew Corcoran, Jones Day, Columbus, OH; Mark C. Davis, Lippes Mathias Wexler Friedman LLP, Buffalo, NY, *for Defendants-Appellees* Nationwide General Insurance Company, Nationwide Financial Services Incorporated, and Nationwide Mutual Insurance Company.

Eric Dranoff, Saretsky Katz & Dranoff, LLP, New York, NY, *for Defendant-Appellee* New York Central Mutual Fire Insurance Company.

Susan L. Swatski, Hill Wallack LLP, Princeton, NJ, *for Defendant-Appellee* CorePointe Insurance Company f/k/a Daimler Chrysler Insurance Company.

Barry I. Levy, Cheryl F. Korman, and Brian L. Bank, Rivkin Radler LLP, Uniondale, NY, *for Defendant-Appellee* Geico, Insurance.

Kevin J. Fee and Amy C. Gross, Duane Morris LLP, New York, NY: Dennis R. McCoy, Barclay Damon, LLP, Buffalo, NY, *for Defendants-Appellees* Liberty Mutual Insurance Company, Liberty Mutual Group, and Liberty Mutual Holding Company, Inc.

Kevin M. Hogan, Phillips Lytle LLP, Buffalo, NY, *for Defendant-Appellee* U-Haul International.

_____

PER CURIAM:

Relator J. Michael Hayes appeals from the district court's dismissal with prejudice of his False Claims Act ("FCA") *qui tam* action as a sanction pursuant to Federal Rule of Civil Procedure 11. On appeal, Hayes argues that the misstatements in his complaint were not made in bad faith and did not justify the sanction of dismissal. He further argues that he should have been granted leave to amend his complaint. Although all of the defendants contend that the district court's imposition of the sanction of dismissal and denial of leave to amend were proper, several defendants, those not affiliated with Federal Express Corporation (hereinafter the "non-FedEx defendants"), additionally argue that the district court lacked subject matter jurisdiction over the action and consequently did not err by dismissing it. We address in this opinion only the non-FedEx defendants'

challenge to the district court's subject matter jurisdiction, and we discuss

Hayes's argument that the sanction of dismissal was wrongfully imposed in a

separate summary order filed simultaneously with this opinion.

## Background

In this FCA *qui tam* action, *see* 31 U.S.C. § 3729 *et seq.*, relator Hayes alleged

that the defendant companies, which are primarily, but not exclusively, liability

insurance companies, have been systematically and intentionally noncompliant

with their obligations under the Medicare Secondary Payer Act to reimburse

Medicare for certain payments made on behalf of Medicare beneficiaries. As is

discussed more fully in the accompanying summary order, Hayes alleged that he

had personal knowledge of each defendant's participation in a nationwide

scheme to defraud Medicare. The assigned magistrate judge and district court

ultimately concluded that Hayes had no such knowledge and had acted in bad

faith by falsely purporting to have it. As a result, the district court dismissed the

action with prejudice as to Hayes as a sanction under Federal Rule of Civil

Procedure 11.

Hayes appeals from that decision. Although all of the defendants contend

that the district court correctly dismissed Hayes's complaint as a sanction, the

non-FedEx defendants also advance an alternative basis for affirming the district court: that the district court lacked subject matter jurisdiction over Hayes's action because Hayes did not satisfy the FCA's first-to-file rule. The non-FedEx defendants raised this argument to the district court (although they had not raised it before the magistrate judge), but the district court did not address it.

## DISCUSSION

Because "every federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also [of] that of the lower courts in a cause under review,'" we will consider the non-FedEx defendants' contention that the district court lacked subject matter jurisdiction. *Arnold v. Lucks*, 392 F.3d 512, 517 (2d Cir. 2004) (internal quotation marks omitted).

## I.

As relevant to Hayes's claim, the FCA imposes liability on any person who "knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G). "The FCA may be enforced not just through litigation brought by the Government itself, but also through civil *qui tam* actions that are filed by private parties, called relators, 'in the name of the Government.'" *Kellogg Brown*

8

*& Root Servs., Inc. v. U.S., ex rel. Carter*, 135 S. Ct. 1970, 1973 (2015) (quoting 31

U.S.C. § 3730(b)(1)). There are, however, certain limitations on FCA *qui tam*

actions. Under the so-called "first-to-file rule" at issue here, "[w]hen a person

brings an action under [the FCA], no person other than the Government may . . .

bring a related action based on the facts underlying the pending action." 31

U.S.C. § 3730(b)(5). That rule prevents an individual from bringing an FCA *qui*

*tam* action if another action invoking the same facts is already pending at the

time the individual files suit. *See Kellogg Brown & Root*, 135 S. Ct. at 1974, 1978.

The non-FedEx defendants argue that Hayes did not satisfy the first-to-file

rule because when he filed his complaint in October 2012, a "related" action was

already pending, coincidentally in the same district. According to the non-FedEx

defendants, that action alleged the same general scheme: that many of the same

insurance companies had systematically failed to reimburse Medicare as

required under the Medicare Secondary Payer Act. *See* Complaint, *U.S. ex rel.*

*Takemoto v. The Hartford Fin. Servs. Grp., Inc.*, 157 F. Supp. 3d 273 (W.D.N.Y. 2016)

(No. 11-cv-613). The *Takemoto* complaint was filed in July 2011, over a year before

Hayes filed his purportedly related complaint. *See id*. Although the *Takemoto* case

has since been dismissed, *see* 157 F. Supp. 3d at 276, *aff'd sub nom. U.S. ex rel.*

9

*Takemoto v. Nationwide Mut. Ins. Co.*, No. 16-365, 2017 WL 214572, at *3 (2d Cir.

Jan. 20, 2017), the non-FedEx defendants contend that the existence of the

*Takemoto* case at the time that Hayes filed his complaint deprived the district

court of subject matter jurisdiction over Hayes's action from the outset.

If the non-FedEx defendants are correct that the first-to-file rule is

jurisdictional, their arguments on that point are not merely an available

alternative on which we may affirm the district court; instead, they raise an issue

to resolve before turning to the merits of Hayes's appeal. *See Ruhrgas AG v.

Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal

court to satisfy itself of its jurisdiction over the subject matter before it considers

the merits of a case."). As a result, we consider below whether the first-to-file

rule is jurisdictional.

## II.

Several circuits have stated or assumed that the first-to-file rule is

jurisdictional. *See, e.g., U.S. ex rel. Carter v. Halliburton Co.*, 710 F.3d 171, 181 (4th

Cir. 2013), *aff'd in part, rev'd in part on other grounds sub nom. Kellogg Brown & Root*,

135 S. Ct. at 1979 (2015)[1]; *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376–77 (5th Cir. 2009); *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). The D.C. Circuit, however, has reached the opposite conclusion. *See U.S. ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 120–21 (D.C. Cir. 2015). For the reasons articulated below, we join the D.C. Circuit in holding that the first-to-file rule is not jurisdictional and instead bears on the merits of whether a plaintiff has stated a claim.

The Supreme Court has warned against "profligate use of the term 'jurisdiction.'" *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817, 824 (2013). "To ward off" such use, the Supreme Court has "adopted a 'readily administrable bright line' for determining whether to classify a statutory limitation as jurisdictional." *Id*. (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006)). Courts are to "inquire whether Congress has 'clearly stated' that the rule is

---

[1] On review, the Supreme Court did not address the Fourth Circuit's observation that the first-to-file rule was jurisdictional but focused instead on whether the first-to-file rule was satisfied in that particular case. *See* 135 S. Ct. at 1979. We agree with the D.C. Circuit's conclusion that the Supreme Court's discussion was "decidedly nonjurisdictional . . . , raising the issue *after* it decided a nonjurisdictional statute of limitations issue." *U.S. ex rel. Heath v. AT & T, Inc.*, 791 F.3d 112, 121 n.4 (D.C. Cir. 2015). As a result, we do not read the Supreme Court's decision as implicitly affirming the Fourth Circuit's observation that the first-to-file rule was jurisdictional.

11

jurisdictional; absent such a clear statement, . . . 'courts should treat the restriction as nonjurisdictional in character.'" *Id*. (brackets omitted) (quoting *Arbaugh*, 546 U.S. at 515–16). Under this test, a "provision that 'does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts'" will not be considered jurisdictional. *Arbaugh*, 546 U.S. at 515 (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 394 (1982)).

The first-to-file rule provides that "no person other than the Government" may bring an FCA claim that is "related" to a claim already "pending." 31 U.S.C. § 3730(b)(5); *see also Kellogg Brown & Root*, 135 S. Ct. at 1974. As the D.C. Circuit observed, this language "speaks only to who may bring a private action and when," *Heath*, 791 F.3d at 120, but "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts," *id.* (quoting *Arbaugh*, 546 U.S. at 515). This is in sharp contrast to other provisions of the FCA that *do* explicitly invoke the jurisdiction of the district courts. *See, e.g.,* 31 U.S.C. § 3730(e)(1) ("No court shall have jurisdiction over an action brought by a former or present member of the armed forces . . . against a member of the armed forces arising out of such person's service in the armed forces."); *id*. § 3730(e)(2)(A) ("No court shall have jurisdiction over an action brought . . . against a Member of

12

Congress, a member of the judiciary, or a senior executive branch official if the action is based on evidence or information known to the Government when the action was brought."). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Kucana v. Holder*, 558 U.S. 233, 249 (2010) (brackets omitted). Because the FCA "clearly state[s]" that *other* limitations on *qui tam* actions are jurisdictional, but does not "clearly state[]" that the first-to-file rule is jurisdictional, we must treat the first-to-file rule "as nonjurisdictional in character." *Auburn Reg'l Med. Ctr.*, 133 S. Ct. at 824 (quoting *Arbaugh*, 546 U.S. at 515–16). As a result, we join the D.C. Circuit in holding that the FCA's first-to-file rule "bears only on whether a *qui tam* plaintiff has properly stated a claim." *Heath*, 791 F.3d at 121. Accordingly, a district court does not lack subject matter jurisdiction over an action that may be barred on the merits by the first-to-file rule.

## CONCLUSION

For the foregoing reasons, we join the D.C. Circuit in holding that the first-to-file rule of the FCA is not jurisdictional. Because we conclude in the summary

13

order accompanying this opinion that the district court did not err by imposing

the sanction of dismissal, we need not consider the non-FedEx defendants'

argument that Hayes's action did not satisfy the first-to-file rule. For these

reasons, the judgment of the district court is **AFFIRMED**.