21-1989-bk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> BARRINGTON D. PARKER,
> ALISON J. NATHAN,
> *Circuit Judges*.

_____

IN RE: BRUCE J. PASWALL,

> *Debtor*.

_____

GRANT PASWALL, REID PASWALL,

> *Appellants*,

v.                                              21-1989-bk

MARK S. TULIS, as Chapter 7 Trustee of the Estate of Bruce J. Paswall,

> *Appellee*.

_____

| | |
|---|---|
| For Appellants: | LOWELL B. DAVIS, Carle Place, NY. |
| For Appellee: | LON J. SEIDMAN (Salvatore LaMonica, *on the brief*), LaMonica Herbst & Maniscalco, LLP, Wantagh, NY. |

Appeal from a judgment of the U.S. District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Grant Paswall and Reid Paswall appeal from a judgment of the district court affirming the bankruptcy court's grant of default judgment to Appellee Mark Tulis, which avoided and set aside the deed by which Bruce Paswall transferred his interest in a home located at 13 Logging Road, Katonah, New York, to Appellants, and vacating the stay of the sale of the home. For the reasons set forth below, we affirm the judgment of the district court.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

This Court conducts a plenary review of orders of the district courts in their capacity as appellate courts in bankruptcy cases. *In re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000). The Court reviews the bankruptcy court's conclusions of law de novo and its factual findings for

---

[1] Appellee argues that the appeal is constitutionally moot. A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Here, Appellants argue that they are entitled to effective relief in the form of the proceeds of the sale of the home. Even if that argument fails on the merits, the appeal is nevertheless not constitutionally moot when such relief may be available. *See Trinity 83 Dev., LLC v. ColFin Midwest Funding, LLC*, 917 F.3d 599, 601–02 (7th Cir. 2019). Further, we decline to address Appellee's statutory mootness argument because we have found that "the jurisdictional issues are complex and the substance of the claim is plainly without merit." *United States ex rel. Hanks v. United States*, 961 F.3d 131, 137 (2d Cir. 2020) (citation omitted). Similarly, we are not required to address equitable mootness before considering the merits. *See In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 144 (2d Cir. 2005).

2

clear error. *Id.* An entry of a default judgment is reviewed for abuse of discretion. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

We leave the decision whether to set aside a default to the sound discretion of the district court because "it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Id.* A court may set aside the entry of default for "good cause." Fed. R. Civ. P. 55(c). In deciding whether to relieve a party from a default judgment, courts consider "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp.*, 10 F.3d at 96.

The bankruptcy court did not abuse its discretion in entering default judgment, nor did the district court err in declining to set aside the default. Appellants have forfeited any argument that their default was not willful by failing to address the issue in their opening brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Moreover, Appellants have not disputed that they were served with the adversary complaint or that they did not timely respond to the complaint.

In addition, Appellants have not presented a meritorious defense. Appellants primarily argue that Appellee's complaint failed to plead that Appellants were aware that the conveyance was fraudulent. However, even if that were true, a "creditor may have a fraudulent conveyance set aside as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser." *Liebowitz v. Arrow Roofing Co.*, 259 N.Y. 391, 395 (1932). Appellants did not present any evidence that Bruce Paswall received fair consideration, and the trustee asserted that

3

Brenda Paswall was aware that the transfer was intended to shield the home from a discrimination action judgment. The bankruptcy court's factual findings regarding the fraudulent conveyance are not clearly erroneous. Appellants also cannot rely on an affidavit that was properly stricken by this Court's motion order. 2d Cir. 21-1989, doc. 147 (Mar. 1, 2022 Motion Order); *see also* Fed. R. App. P. 10(a)(1) (stating that the record on appeal consists of "the original papers and exhibits filed in the district court"); *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) ("[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record."). Therefore, Appellants have failed to demonstrate good cause for relief from default judgment.

* * *

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk